# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

**FILED**

Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
*By cmurray at 2:53 pm, Sep 18, 2015*

In the matter of:                              )

MICHAEL T. MOORE,                   )

                                    *Debtor.*    )

)
)
)
)

Chapter 13

Number 12-40456-EJC

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO INCUR DEBT BY MODIFYING LOAN RETROACTIVELY

This matter came before the Court upon creditor Green Tree Servicing, LLC's ("Green Tree") Motion to Incur Debt by Modifying Loan Retroactively (dckt. 113) ("Motion"). Green Tree requests that the Court retroactively approve a home loan modification agreed to by Green Tree and Debtor Michael T. Moore ("Debtor"). The Motion was filed on April 30, 2015. (Dckt. 113-1). The actual loan modification was entered into with the Debtor on November 8, 2013. For the reasons discussed below, the Court will deny the Motion.

## I. JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334, 157(a) and the Standing Order of Reference signed by then Chief Judge Anthony A. Alaimo on July 13, 1984. This a "core proceeding" under 28 U.S.C. 157(b)(2)(A) and (D). In accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure, the Court makes the following findings of fact and conclusions of law.

## II. FINDINGS OF FACT

The Debtor filed for chapter 13 bankruptcy on February 5, 2012 and his plan was

⬧AO 72A
(Rev. 8/82)

confirmed on June 20, 2012. (Dckt. 1, 51). According to his schedules, the Debtor owns several parcels of real property. (Dckt. 1, Schedule A). The claims register indicates that Bank of America, N.A. ("BOA") filed a proof of claim in the case on April 26, 2012, with respect to a loan secured by real property located at 524 Goebel Avenue, Savannah, GA 31404 (the "Property"). (Claims Register 10-1). In its proof of claim, the bank alleged an arrearage claim of $3,540.27 and a total indebtedness of $65,460.23. The Debtor's amended plan provided post-petition payments would be made directly to BOA and further provided for cure payments on the allowed pre-petition arrearage claims.

On June 19, 2013, Green Tree filed a notice indicating it was the transferee of BOA's claim. (Dckt. 85). On February 27, 2014, Green Tree amended its claim to change the arrearage to $1,607.29. (Claims Register 10-2). Green Tree again amended its claim on April 29, 2015, which made no changes to the claim amount, but indicated a loan modification with respect to the Property.[1] (Claims Register 10-3). The loan modification is dated November 8, 2013 and signed by the Debtor on January 17, 2014. (Dckt. 113-1). The loan modification reduced the Debtor's monthly mortgage payment from $444.29 to $288.69 and added the then arrearage to the principal loan amount. *Id.*

On April 30, 2015, Green Tree filed the present Motion requesting that the Court enter an order retroactively approving the loan modification agreement between the Debtor and Green Tree. (Dckt. 113). The Court held a hearing on the Motion on August 17, 2015. At the hearing, neither Green Tree nor the chapter 13 trustee could identify any applicable law or rule which requires approval of the loan modification itself.

---

[1] Green Tree's Amended Proof of Claim provided "Basis for Perfection: Loan Modification/Money Loaned."

## III. CONCLUSIONS OF LAW

Although there does not appear to be any Code provision or Bankruptcy Rule that requires judicial approval of the terms of a loan modification, the Court recognizes a few situations in which a loan modification agreement could be properly reviewed and approved by a court. Most commonly, court approval of a loan modification may be applicable in the context of a plan confirmation, or as a resolution of an actual dispute, such as a motion for relief from the stay. *In re Smith*, 409 B.R. 1, 4 (D. N.H. 2009). Additionally, some courts have considered loan modifications to be reaffirmation agreements requiring court approval. *In re Pope*, No. 10-19688, 2011 WL 671972, at *1 (Bankr. E.D. Va. Feb. 17, 2011) ("After the parties have come to an agreement on the loan modification, the modified loan may be approved by the court through a reaffirmation agreement."); *But see In re Wofford*, 449 B.R. 362 (Bankr. W.D. Wis. 2011) ("It has long been this Court's interpretation of 11 U.S.C. §§ 524(c)(6) and 524(d) that unless the Court schedules a discharge hearing, reaffirmation agreements secured by real property do not require either a hearing or court approval. As provided in the disclosures which debtors are statutorily required to receive from the creditor in connection with a reaffirmation agreement, court approval is not required if the obligation is secured by real property.") Last, this Court has adopted a general order that allows a debtor to file a motion seeking court approval of a loan modification in the event that a case trustee initially denies a debtor's request to so modify. Bankr. S.D. Ga. Gen. Order 2010-2. As discussed below, none of these situations are present in this case.

### A. No Actual Dispute Exists

Under 28 U.S.C. § 151, the bankruptcy courts serve as a unit of the district court. Accordingly, the judicial power of the bankruptcy courts is restricted by Article III of the United

States Constitution. More specifically, the limitations of Article III do not allow this Court to render advisory opinions. *See* U.S. Const. Art. III, § 2; *Golden v. Zwickler*, 394 U.S. 103, 108 (1969). In order for a case to be justiciable, and thus not an advisory opinion, there must be an actual dispute between adverse litigants. *See Muskrat v. United States*, 219 U.S. 346 (1911).

In a bankruptcy proceeding, actual disputes are resolved through adversary proceedings or contested matters. *See* Fed. R. Bank. P. 7001, 9014. Here, Green Tree is asking the Court to retroactively review and approve a loan modification entered into, and agreed to by the Debtor almost two years ago. Neither the Debtor, nor the trustee has objected to the loan modification. Accordingly, Green Tree's interests are not adverse to either the Debtor or the trustee. Absent some dispute between the parties, or a requirement of applicable law, this non-contested motion to approve a loan modification does not present the Court with any actual dispute. *Smith*, 409 B.R. at 5.

### B. General Order 2010-2 Does Not Apply

General Order 2010-2 of the Southern District of Georgia sets forth the procedure for a chapter 13 debtor seeking to incur debt post-petition. The General Order states, in pertinent part:

> As set forth in 11 U.S.C. §1305(c), where prior approval of the trustee is practicable to obtain . . . the case trustee is authorized, without further order of this Court, to grant permission to the debtor to enter into agreements to modify a security interest in the debtor's real property or to incur debt. Nothing in this General Order is to prevent the trustee from denying a request *from the debtor* to so modify or to incur debt, or prevent *the debtor* from filing a motion seeking Court approval of a debtor's request to so modify or to incur debt.

Bankr. S.D. Ga. Gen Order 2010-2 (emphasis added). Again, the Debtor is not the moving party; therefore General Order 2010-2 does not apply to Green Tree's, a creditor, Motion. Since the trustee neither objected to the loan modification after it was agreed to in November 2013, nor

objected to this Motion, the trustee has presumably given the Debtor permission to enter into the loan modification.

## IV. CONCLUSION

As mentioned above, Green Tree has simply moved for this Court to give its loan modification with the Debtor a stamp of approval. This would result in the Court providing an advisory opinion in violation of "the oldest and most consistent thread in the federal law of jusiticability." *Flast v. Cohen*, 392 U.S. 83, 96 (1968). Further, Green Tree has not provided the Court with any applicable law or rule that requires judicial approval of the loan modification in this case.

O R D E R

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS ORDERED that Green Tree's Motion to Incur Debt by Modifying Loan Retroactively (dckt. 113) is DENIED. Nothing in the order shall be construed as a determination as to the validity of the underlying agreement.

Dated at Savannah, Georgia, this 18th day of September, 2015.

Edward J. Coleman, III
United States Bankruptcy Judge
Southern District of Georgia